## CHARLES F. GERARD

v.

## C. M. KNAPP.

*Negotiable Instruments—Note—Consideration—Wrongful Transfer— Action by Surety against Payee—Evidence.*

In an action against the payee of a note to recover the amount which the plaintiff as surety had been required to pay thereon to the holder to whom it is alleged to have been wrongfully transferred by the defendant in violation of an agreement, this court declines to interfere with the verdict for the plaintiff, such verdict being fully warranted by the evidence.

[Opinion filed November 18, 1887.]

APPEAL from the County Court of Logan County; the Hon. J. T. HOBLIT, Judge, presiding.

Messrs. BEACH & HODNETT, for appellant.

Mr. E. LYNCH, for appellee.

CONGER, P. J. In January, 1886, appellant being engaged in the business of manufacturing carriages, wagons, etc., in Lincoln, proposed to sell his stock and business to his brother-in-law, E. A. Wright, who was insolvent for $300, provided appellee Knapp and one Lutz would sign a note with Wright for the purchase money.

The note was executed and by Wright delivered to appellant.

The trade or sale was not consummated at the time and Wright removed to Dakota.

On the 16th of February, 1886, appellant gave to appellee and Lutz the following instrument:

"LINCOLN, ILL., Feb. 16, 1886.

"The undersigned holds a note dated January 17, 1886, for three hundred dollars due twelve months after date and draw-

ing interest at eight per cent. from date, which was signed by Eugene A. Wright, as principal, and C. M. Knapp and John A. Lutz, as security. The said note was given in a trade between E. A. Wright and myself for my business, carriages, etc., in red building. Wright having gone back to Dakota the trade has not been consummated, but he is expected to be back during the year, when the trade will be made; but in case it is not made I agree to return to said Lutz and C. M. Knapp the above mentioned note, and further agree not to dispose of it or sell it, unless the sale is made inside the year; then it becomes my property.

                                    "C. F. GERARD."

Before the maturity of the note appellant sold it to one Andrews for value, and appellee was compelled to pay the note in full, which he did on the 22d of January, 1887, and the present suit was brought by appellee against appellant to recover the amount so paid.

Before the expiration of the year, appellant pretended to consummate the sale to Wright, who was still in Dakota, and the *bona fides* of this pretended sale is the vital question in the case. If such sale was a mere pretense, as claimed by appellee, then there was no consideration for the note, and appellee, having been compelled to pay it to an innocent holder, is clearly entitled to recover the amount so paid from appellant, who transferred it for value to Andrews.

We think the evidence fully warranted the jury in finding such sale to be a mere sham, made by appellant and his brother-in-law, Wright, solely for the purpose of compelling appellee to pay the note.

The judgment of the court below will be affirmed.

                                    *Judgment affirmed.*